**Richmond**

OSCAR ZULLY BRYCE, s/k/a LINWOOD BENJAMIN,
a/k/a LINWOOD CYRUS BERRYMAN

v.

COMMONWEALTH OF VIRGINIA

No. 1174-90-2

Decided February 4, 1992

590

COUNSEL

Russell C. Williams, Assistant Public Defender (David J. Johnson, Public Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On October 24, 1989, under the name Oscar Zully Bryce, the appellant pleaded guilty to grand larceny and was sentenced to serve four years in the penitentiary with three years suspended on condition of good behavior, pursuant to a plea agreement. When he was interviewed by a probation officer for supervision, it was discovered that Bryce also used the name Linwood Cyrus Berryman, and that he was already under probationary supervision. After conducting a hearing at which the foregoing facts were disclosed, the trial court revoked the suspension of sentence and ordered that the appellant serve those three years.[1] On appeal, the appellant contends that the trial court erred (1) in finding that his use of an assumed name in his prosecution justified revocation of the suspension of his sentence, and (2) that the trial court erred in denying him a continuance for the purpose of obtaining further evidence. We find no error and affirm the judgment of the trial court.

The term of suspension of a sentence generally commences on the day of entry of the order imposing the suspended sentence. See *Coffey v. Commonwealth*, 209 Va. 760, 763, 167 S.E.2d 343, 345 (1969). The suspension of a sentence may be revoked upon a showing that its terms have been violated. Gener-

---

[1] During the proceeding in the trial court and on this appeal, the pleadings reflect that appellant is Linwood Benjamin. The record does not reflect which of the three names is the appellant's legal name.

ally, where the suspension is conditioned upon future good conduct, the revocation of the suspension must be predicated upon a showing of conduct which occurs subsequent to the imposition of the suspended sentence. The appellant contends that his use of an assumed name at trial and sentencing did not constitute new conduct which satisfied the requirement of this rule.

An exception to the foregoing general rule is recognized in cases involving fraud on a court. *See United States v. Kendis*, 883 F.2d 209 (3d Cir. 1989). In *Kendis*, the accused, having been convicted of bank fraud, represented that he had made restitution to certain victims. In reliance on this representation, and upon condition that he make further restitution, the trial court imposed a suspended sentence. Upon determination that the restitution had been made with funds obtained by the perpetration of yet further frauds, the trial court revoked the suspension of the sentence. In affirming that judgment, the United States Court of Appeals for the Third Circuit said:

> [W]e . . . adopt the principle that revocation of probation is permissible when defendant's acts prior to sentencing constitute a fraud on the court.

*Id.* at 210.

In *Cottrell v. Commonwealth*, 12 Va. App. 570, 405 S.E.2d 438 (1991), the accused made a statement to the arresting officer implicating a confederate named Walls. Pursuant to a plea agreement, he was given a suspended sentence conditioned, in part, upon his testifying truthfully against Walls. He later recanted his accusation against Walls and insisted that if called to testify he would deny Walls' involvement in the crime. In affirming the judgment of the trial court revoking the suspension of sentence, we said:

> [I]t is inconsequential whether Walls' [sic] first statement to [the police officer] was true or false and whether Cottrell would have been committing perjury had he implicated Walls. If his testimony implicating Walls would have been untruthful, he obtained his suspended sentence in the first instance by perpetrating a fraud upon the court, a finding which would have justified revocation of the suspension.

. . .

Deceit, untruthfulness and deception at the time of the sentencing are always grounds for revoking a suspended sentence.

*Id.* at 574, 405 S.E.2d at 440-41 (citations omitted).

The appellant contended at the revocation hearing that the Commonwealth's Attorney knew that he was, in truth, Linwood Cyrus Benjamin. However, there was nothing in the record to support that contention. To the contrary, the record fully supports the trial court's determination that the appellant represented himself, first to the police and then to the court, as Oscar Zully Bryce, thereby fraudulently concealing not only his true identity but also his legal status as a current probationer. This finding fully supported the trial court's determination to revoke the suspension of the sentence.

The appellant next contends that the trial court erred in denying his motion for a continuance to procure further evidence. The record shows that the appellant had two months to prepare for the hearing, that he was aware of the issues on trial, and that the trial court granted him two brief interruptions of the proceedings to investigate records. Whether to grant a continuance lies within the sound discretion of the trial court. We find no abuse of discretion here. For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Bray, J., concurred.