**Richmond**
BELOMODO COPELAND, s/k/a/
BELMONDO COPELAND

v.

COMMONWEALTH OF VIRGINIA
No. 1420-91-2
Decided June 23, 1992

Counsel

Virginia Dante Perry (Perry Law Center, on briefs), for appellant.

John H. McLees, Jr., Assistant Attorney General (Virginia B. Theisen, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

WILLIS, J.—In 1990, Belmondo Copeland received a suspended sentence for possession of cocaine with intent to distribute and conspiracy. On May 14, 1991, he was tried on another charge of conspiracy to distribute cocaine. On July 11, 1991, the trial court granted Copeland's motion to strike the Commonwealth's evidence, and he was found not guilty of the 1991 charge. However, the trial court revoked a portion of the suspension of the 1990 sentence. On appeal, Copeland contends that the trial court erred in summarily revoking the previous suspension of sentence without affording him notice, hearing or benefit of counsel. We agree and reverse.

At the July 11, 1991, hearing, the trial court concluded that the Commonwealth had not proven that Copeland engaged in a conspiracy to distribute cocaine and dismissed that charge. However, it found that the evidence established that Copeland was an accessory or principal to the distribution of cocaine. Although Copeland could not be convicted on those charges, because he had not been indicted, the trial court stated:

> The fact that [Copeland] was out there and took this money, as I said participated as an accessory or principal, I am going to revoke three years of his 1990 conviction for possession of cocaine with intent to distribute and one year of his conspiracy conviction.

Defense counsel objected to the revocation, arguing that Copeland had not been given notice of a revocation hearing and had been given no opportunity to be heard and present evidence. The trial

court overruled the objection.

■■■ A court may not summarily revoke a previously suspended sentence without notice, hearing, and benefit of counsel. Due process procedural protections are required if an individual may suffer loss of liberty or property protected by the fourteenth amendment. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). The court in *Morrissey* applied due process protections to parole revocation proceedings, stating that minimum due process requirements include: (1) written notice; (2) disclosure of the evidence against the accused; (3) an opportunity to be heard and to present evidence and witnesses; (4) an opportunity to confront and cross-examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement as to the evidence relied on and reasons for revoking parole. *Id.* at 489. Procedural protections were extended to revocation of probation in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). In *Howie v. Commonwealth*, 222 Va. 625, 283 S.Ed.2d 197 (1981), the Supreme Court held that the trial court had substantially complied with *Morrisey* and *Gagnon* when it entered an order requiring the defendant to appear to show cause why his suspension of sentence should not be revoked because of his having left the state.

In this case, Copeland received no notice that the trial court would consider revocation of his suspended sentence. The Commonwealth argues that the probation officer's request, in the presentence report, that a probation violation hearing be conducted "following disposition in the instant case" was sufficient notice. We disagree. A probation officer's request for a hearing is not notice that a hearing will be held. Neither the time nor the grounds for the hearing were specified.

Copeland's due process rights were further violated when his suspended sentence was revoked without a hearing. In *Howie*, the trial court held a hearing prior to revocation, thus permitting Howie to show cause why the suspension of his sentence should not be revoked. Copeland was not afforded this opportunity and was not allowed to present evidence. The Commonwealth argues that the evidence heard on the conspiracy charge was the same evidence that would have been presented in a revocation hearing. This may or may not be true. Copeland's defense of the conspiracy charge did not require him to defend the accusations of being an accessory or principal to distribution of cocaine, the conduct on

which the trial court based its decision to revoke the suspension of his sentence. His defense to these accusations might have been different from his defense to the conspiracy charge.

Finally, although Copeland had counsel present when the court revoked the suspension of his sentence, he was never told of his right to counsel pursuant to Code § 19.2-157. He may have wanted new counsel for the revocation hearing. The Commonwealth argues that Copeland's counsel actively represented him in the revocation decision, by objecting to the proceeding on grounds which were overruled. However, defense counsel, not having proper notice, was denied the opportunity to prepare for the revocation proceeding.

For the foregoing reasons, we reverse the decision of the trial court and remand this case for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Elder, J., concurred.