COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


JAMES BOWE, S/K/A
 JAMES ADAM BOWE
                                    MEMORANDUM OPINION*
v.        Record No. 0072-96-1     BY JUDGE JOSEPH E. BAKER
                                       FEBRUARY 11, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dennis F. McMurran, Judge

            Gregory W. Copeland (Brenda C. Spry, Deputy
            Public Defender, on brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     James Adam Bowe (appellant) appeals from an order entered by

the Circuit Court of the City of Portsmouth (trial court)

revoking a previous order of the court that suspended a five-year

penitentiary sentence imposed on appellant.  The sole issue

presented on appeal is whether the trial court abused its

discretion when it revoked the suspended sentence.  Finding no

error, we affirm.

     The record discloses that on August 9, 1994, appellant was

convicted of "fail to perform contract" (Portsmouth offense) by

the trial court.  On October 26, 1994, appellant was sentenced to

serve five years in prison for the Portsmouth offense.  All of

his sentence was suspended on the condition that he submit to

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

five years supervised probation, not violate any laws, pay $600 restitution to the victim, and pay court costs. The restitution and costs totaled $1,237.50. The trial court ordered appellant to make payments of $30 per month commencing November 28, 1994 until his obligation was paid in full. This appeal arises from the trial court's revocation of that suspension order.

On May 3, 1995, appellant was convicted in Norfolk on a charge of failure to perform promise of construction (Norfolk offense). For the Norfolk offense, he was sentenced to three years in a Virginia correctional facility. That sentence was also suspended, and appellant was placed on supervised probation for three years or until restitution and costs totalling $1,347.50 were paid in full.

Following appellant's Norfolk conviction, a show cause was issued directing that appellant show cause why his probation granted by the trial court should not be revoked. At the probation violation hearing, appellant testified that the conduct for which he was convicted in the Norfolk offense occurred prior to his conviction for the Portsmouth offense; however, he admitted that although he and his family had paid $9,000 in restitution in other jurisdictions and had even obtained a loan to do so, he had paid none of the restitution required as a condition of the Portsmouth suspension order. Thus, appellant preferred others by paying restitution in other jurisdictions rather than meeting the requirement imposed by the trial court.

The standard of review in an appeal from a trial court's revocation of a suspended sentence is whether the record discloses that the trial court abused its broad discretion in such matter. Hess v. Commonwealth, 17 Va. App. 738, 741, 441 S.E.2d 29, 31 (1994).

On appeal, appellant contends (1) that it was error for the trial court to consider the Norfolk offense because the conduct supporting the Norfolk offense occurred before appellant's conviction for the Portsmouth offense, and (2) that it was error for the trial court to consider appellant's failure to pay restitution because it was not mentioned in appellant's probation violation report.

At the probation revocation hearing, appellant did not properly preserve the issue concerning conduct occurring prior to his Portsmouth suspension. During his argument before the trial court he conceded that he had violated a condition of his Portsmouth probation. Argument on that issue is moot.

Further, at the hearing, appellant introduced the evidence of his failure to pay restitution as ordered by the trial court. On appeal, he will not be heard to say that the trial court should not have considered the evidence he introduced.

Appellant's failure to pay restitution alone is sufficient to support the revocation of his probation. Accordingly, we find that appellant has not shown that the trial court abused its

discretion and, therefore, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

I would hold that Bowe properly preserved the issues he presents on appeal and that the trial judge erred. Thus, I would reverse the revocation of the suspension of Bowe's sentence.

The record reveals that Bowe was indicted in the City of Portsmouth for failure to perform a contract after fraudulently obtaining an advance on May 11, 1993, in violation of Code § 18.2-200.1. Bowe was convicted in the Circuit Court of the City of Portsmouth and sentenced on October 26, 1994 to five years in prison, which was suspended. The trial judge also placed Bowe on probation and ordered him to pay restitution and costs. Bowe later signed an agreement to pay $600 in restitution and $637.50 in fines and costs in installments beginning on November 28, 1994. Bowe signed a separate agreement promising to abide by the conditions of his probation, including paying $600 in restitution and obeying all laws.

On May 3, 1995, Bowe appeared in the Circuit Court of the City of Norfolk on charges that he had failed to perform a different contract after fraudulently obtaining an advance, in violation of Code § 18.2-200.1. Upon Bowe's plea of guilty, a judge convicted him and sentenced him to three years in prison, all of which was suspended. The judge placed Bowe on supervised probation for a period of three years or until Bowe paid restitution in the amount of $700. Bowe was also ordered to pay costs in the amount of $647.50. The date of the offense was not

included in the order of conviction.

On October 31, 1995, Bowe's probation officer wrote a letter to the judge of the Circuit Court of the City of Portsmouth alleging that Bowe had violated the following condition of his probation:

> Condition #1: "I will obey all Federal, State and local laws and ordinances."
>
> On May 3, 1995 James A. Bowe was convicted in the City of Norfolk, of Fail to Perform Promise of Construction in Norfolk Circuit Court. He was sentenced to three (03) years VA Correctional Facility, suspended, placed on three (03) years supervised probation or until restitution of $700 is paid in full.
>
> This officer requests a capias for James Adam Bowe to show cause why his probation should not be revoked.

The trial judge entered a show cause order.

At trial, the probation officer testified that the Norfolk conviction was the only violation that was at issue. Bowe attempted to show that he committed the Norfolk offense at approximately the same time he committed the Portsmouth offense. In addition, Bowe testified that he was trying to pay all of his debts but that because he was incarcerated and could not work, he was having difficulty. Bowe asked the trial judge to put him on work release so he could "work and pay back the victims."

The majority concludes that Bowe did not preserve for appeal the issue whether the trial judge erred in considering as a ground for revoking his sentence the Norfolk conviction, which was based upon conduct that occurred before he was sentenced in

- 6 -

Portsmouth. I disagree. At trial, Bowe's counsel and the judge
made the following statements:

> [JUDGE]: [I]f your defense is that this
> occurred around May 11, 1993 -- ask him when
> the one in Norfolk occurred; . . . . I want
> to know if it occurred around the same time
> . . . .
>
> [BOWE'S COUNSEL]: These are all things that
> happened around the same time. That's the
> only thing I'm trying to bring before the
> Court.

This record establishes that Bowe made "known to the court the
action which he desire[d] the court to take." Code § 8.01-384.
Requiring Bowe to object further to the trial judge's ruling
"would, in effect, recreate the requirement of noting an
exception to a final adverse ruling of the trial judge." Martin
v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404
(1992).

Moreover, the evidence proved that the conduct that gave
rise to the Norfolk conviction occurred before Bowe was sentenced
in Portsmouth. Bowe testified that he signed the contract that
was the subject of the Norfolk conviction "before [he] came to
[trial in the Portsmouth] court [on the original charge]." No
evidence contradicts that testimony. "[T]he record discloses no
concealment or misrepresentation of fact by [Bowe] which prompted
the [Portsmouth] suspension of sentence." Hamilton v.
Commonwealth, 217 Va. 325, 328, 228 S.E.2d 555, 557 (1976).
Thus, a conviction based on Bowe's conduct that occurred before
the sentencing cannot serve as grounds for revoking the

suspension of the sentence.  See id.  I would, therefore, hold that the trial judge erred in suspending the sentence on these grounds.

The majority also holds that Bowe's failure to pay restitution was a sufficient independent ground to warrant revoking the suspension of his sentence.  The record does not establish, however, that the trial judge revoked Bowe's probation because of the restitution.  The probation officer testified that the conviction was the only violation at issue.  When the trial judge ruled, he did not state that the revocation was based upon any ground other than that for which Bowe received notice and which gave rise to the hearing.

In addition, Bowe argues that his failure to pay restitution cannot serve as a ground to revoke the suspension of his sentence because he was not given notice before trial that he was being charged with a violation of this condition of his probation.  The majority resolves Bowe's notice argument by concluding that because the evidence showing that Bowe had not paid restitution was introduced by Bowe himself, Bowe is precluded from objecting to the trial judge's decision to consider the evidence.

The principle is well established that "[a] litigant will not be permitted to invite a trial court to commit error, either through agreeing or failing to object, and then be permitted to successfully complain of such error on appeal."  Wright v. Norfolk and W. Ry. Co., 245 Va. 160, 170, 427 S.E.2d 724, 729

(1993).  However, that principle is not applicable to this case.  At trial, Bowe testified that he had not yet paid restitution to the Portsmouth complainants because he had been making payments on debts he owed in other cities pursuant to other circuit court orders.  Bowe offered the evidence to show the efforts he had made to pay his debts.  In fact, after Bowe testified about his financial difficulties, he asked the trial judge to allow him to work.  Bowe obviously wanted the judge to consider his testimony in deciding whether to allow Bowe to work.  If the trial judge used that evidence to support an additional ground for revocation, a fact the record does not prove, the trial judge erroneously applied the evidence to an issue he raised sua sponte.

Moreover, Bowe correctly argues that the use of the evidence in this fashion violated his due process right to notice.

> A court may not summarily revoke a previously suspended sentence without notice, hearing, and benefit of counsel.  Due process procedural protections are required if an individual may suffer loss of liberty or property protected by the fourteenth amendment.

Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 295 (1992).  Bowe's defense against the charge that he violated his probation by failing to obey the law did not require him to defend against accusations that he had failed to pay restitution.  Indeed, the record reveals that if Bowe had received notice that the judge would proceed on the additional grounds, Bowe could

have offered additional evidence.  Bowe testified that his "wife has all of the receipts for everyone that [he] paid" and that he "ran out of money."  To show that he was unable to pay restitution, a mitigating circumstance a trial judge must consider, see Duff v. Commonwealth, 16 Va. App. 293, 298-99, 429 S.E.2d 465, 468 (1993), Bowe could have offered evidence to show that he was unable to pay or that he could not have simultaneously satisfied the orders issued by both circuit judges.

For these reasons, I would reverse the trial judge's ruling revoking the suspension of Bowe's sentence.