COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


MICHAEL R. HOLDEN
                                            OPINION BY
v.   Record No. 0912-97-4        JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 31, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     David T. Stitt, Judge

        Kristi A. Middleton, Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        John H. McLees, Jr., Assistant Attorney
        General (Richard Cullen, Attorney General;
        Kathleen B. Martin, Assistant Attorney
        General, on brief), for appellee.


     Michael R. Holden (appellant) appeals the circuit court's

order revoking his suspended sentence.  Appellant contends the

court lacked jurisdiction to revoke his suspended sentence and in

doing so violated his right to due process.  We disagree and

affirm.

     On December 29, 1986, appellant was sentenced to ten years

imprisonment for aggravated sexual battery on an eleven-year-old

boy.  The court suspended five years of appellant's sentence

"conditioned upon the Defendant's good behavior."  After

appellant had apparently served time on an unrelated offense, the

Commonwealth obtained letters written by appellant while in

prison in which he graphically described his desire to have sex

with children.  The Commonwealth sought to revoke appellant's

suspended sentence on the basis that he had violated the condition of "good behavior." Although the letters appear to be part of an ongoing correspondence, the Commonwealth alleged that the writing of the letters, rather than the use of the mails, constituted a violation of the good behavior condition.

At a revocation hearing, appellant admitted writing the letters but contended the court lacked jurisdiction to revoke his suspended sentence because the Commonwealth did not allege or prove that appellant had violated the law. Appellant's prison counselor testified that after she confronted appellant about the letters in group therapy, he admitted he spent many hours watching children's programs on television. She testified that appellant's thoughts of sexual contact with children are related to his behavior and that appellant had shown "very limited" progress in restructuring his thoughts about sexual involvement with children. The court overruled appellant's motion.

I.

Good Behavior Requirement

Pursuant to its authority under Code § 19.2-306, "[t]he court may, for any cause deemed by it sufficient . . . revoke the suspension of sentence." This language gives the court "wide discretion in the determination of the sufficiency of the cause for revoking the suspension." Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946); see also Hamilton v. Commonwealth, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976)

2

(describing the court's discretion as "quite broad").
"Therefore, the issue on review of a revocation is 'simply
whether there has been an abuse of discretion.'" Connelly v.
Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992)
(quoting Marshall v. Commonwealth, 202 Va. 217, 221, 116 S.E.2d
270, 274 (1960)).  "[T]he power of the courts to revoke
suspensions and probation for breach of conditions must not be
restricted beyond the statutory limitations." Grant v.
Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)
(citing Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483,
487 (1952)).

Appellant's suspended sentence was conditioned solely upon
his "good behavior."  "[W]hen the accused has complied with
conditions specified, he has a right to rely upon them, and the
suspension will stand." Griffin v. Cunningham, 205 Va. 349, 354,
136 S.E.2d 840, 844 (1964).  Because the suspension of sentence
is a means to effect the rehabilitation of offenders, "it is
important that those to whom it is granted shall know that its
terms and conditions are to be strictly observed." Dyke, 193 Va.
at 484, 69 S.E.2d at 487.  In order to revoke a suspended
sentence for failure to maintain good behavior, the court must
have before it evidence that the defendant has not been of good
behavior. Hamilton, 217 Va. at 328, 228 S.E.2d at 557.

Appellant argues the court did not have evidence of failure
to maintain good behavior because the evidence presented by the

3

Commonwealth did not constitute an unlawful act. We disagree. In the context of appellant's appeal from the revocation of his probation for the same misconduct, this Court recently held, "[g]ood behavior is not limited to an avoidance of criminal activity." Holden v. Commonwealth, 26 Va. App. 403, 409, 494 S.E.2d 892, 895 (1998). We perceive no reason to deviate from that principle in the context of the revocation of appellant's suspended sentence.

This Court has held that iniquitous, but not necessarily illegal, conduct justifies a court's revocation of a suspended sentence. See Bryce v. Commonwealth, 13 Va. App. 589, 591, 414 S.E.2d 417, 418 (1992) (citing United States v. Kendis, 883 F.2d 209 (3d Cir. 1989)) (fraud on the court); Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (citing State v. Lintz, 509 P.2d 13, 15 (Mont. 1973)) (deceit, untruthfulness, or deception at the time of sentencing). At oral argument, appellant argued that these cases turned on the violation of a specific condition of suspension, rather than a general requirement of good behavior. Appellant's contention is not supported by the cases. In Bryce, 13 Va. App. at 590-91, 414 S.E.2d at 417-18, we held that the defendant's fraud on the court violated the requirement of good behavior. Similarly, in Cottrell, 12 Va. App. at 574, 405 S.E.2d at 440, we held that even if the defendant did not violate a specific provision of suspension by testifying untruthfully, the court could revoke his

4

suspension for "perpetrating a fraud on the court." We explained, more generally, "[d]eceit, untruthfulness and deception at the time of the sentencing are always grounds for revoking a suspended sentence." Id. at 573-74, 405 S.E.2d at 440-41 (citing Lintz, 509 P.2d at 15) (emphasis added).

Appellant contends the decisions of this Court are in conflict with the decisions of the Supreme Court of Virginia, which has noted that, "'[g]ood behavior' has been defined as meaning 'conduct conforming to the law.'" Griffin, 205 Va. at 353, 136 S.E.2d at 843. The Supreme Court of Virginia, however, expressed no intent in Griffin to limit its definition of good behavior. Rather, the Supreme Court reversed the court's revocation because there was no "evidence[] that Griffin breached the condition of the suspension order . . . by failing to be of good behavior or for violation of any law." Id. (emphasis added). By using the disjunctive to explain that the defendant had neither failed to be of good behavior nor violated any law, the Supreme Court recognized that the boundaries of good behavior are not necessarily co-extensive with those imposed by law.

Our interpretation of Griffin is consistent with other Virginia law. In Griffin, the Supreme Court stressed that a court may revoke a suspended sentence "for any cause deemed by it sufficient." Id. at 354, 136 S.E.2d at 844 (citing then Code § 53-275). This principle is currently codified at Code § 19.2-306. Of course, the statutory grant of authority is not

5

without limits.  See, e.g., Griffin, 205 Va. at 354, 136 S.E.2d at 844; Dyke, 193 Va. at 484, 69 S.E.2d at 487.  The Supreme Court of Virginia has explained the breadth of a court's power to revoke a suspended sentence for violation of a good behavior requirement.  Cf. Coleman v. Commonwealth, 5 Va. App. 459, 462, 364 S.E.2d 239, 241 (1988) (citing Gooding v. Wilson, 405 U.S. 518, 520 (1972)) (explaining that a state court may limit the application of a statute).  In Marshall, 202 Va. at 220-21, 116 S.E.2d at 273-74, the Supreme Court of Virginia wrote that "[i]t seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension."[1]

In accordance with the precedents of the Supreme Court of Virginia and this Court, we hold that a court may revoke a defendant's suspended sentence for substantial misconduct not involving violation of law.  Marshall, 202 Va. at 220-21, 116 S.E.2d at 273-74.  Accordingly, under the circumstances of this case, we also hold that the trial court did not abuse its discretion in revoking appellant's suspended sentence.

II.

Due Process Violation

Appellant contends the phrase "good behavior" does not

---

[1]Appellant does not argue that his conduct does not rise to the level of substantial misconduct.

6

provide him with constitutionally sufficient notice as to what behaviors may trigger revocation of his suspended sentence.[2] Because the revocation of a suspended sentence results in the loss of liberty, the Due Process Clause governs the revocation. See Lux v. Commonwealth, 24 Va. App. 561, 569 n.1, 484 S.E.2d 145, 149 n.1 (1997) (citing Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 295 (1992)); Atkins v. Commonwealth, 2 Va. App. 329, 331–32, 343 S.E.2d 385, 387 (1986). In general, due process requires that individuals have notice of those acts which may lead to a loss of liberty. See, e.g., Marks v. United States, 430 U.S. 188, 191 (1977). "When, as now, a court order is read to proscribe conduct that is not in itself unlawful, the dictates of due process forbid the forfeiture of an actor's liberty by reason of such conduct unless he is given fair warning." United States v. Gallo, 20 F.3d 7, 12 (1st Cir. 1994) (citing cases).

Appellant was convicted of aggravated sexual battery on an eleven-year-old boy, and five years of his sentence were suspended on the condition that he exhibit good behavior. The

[2]Appellant also argues that Code § 19.2-306 does not provide constitutionally sufficient notice that writing letters describing his pedophilic desires may trigger a revocation of his suspended sentence and that Code § 19.2-306 is unconstitutionally vague. These claims are procedurally defaulted because defendant did not present them to the trial court. Connelly, 14 Va. App. at 890-91, 420 S.E.2d at 245-46; Cottrell, 12 Va. App. at 574, 405 S.E.2d at 441. Although appellant cited the First and Fourteenth Amendments in his motion to the trial court, he did not argue that Code § 19.2-306 is constitutionally infirm, either facially or as applied.

7

record makes clear that appellant had actual notice that writing letters containing graphic pedophilic material was inconsistent with conduct constituting good behavior.  Appellant's letters, graphically describing his desire to sexually abuse children, are closely related to aggravated sexual battery on a child for which he was incarcerated.  He also failed to disclose his activities during his prison group therapy sessions, in which the participants were encouraged to discuss their sexual thoughts in a therapeutic setting for therapeutic purposes.  Furthermore, when confronted about his letter writing in his prison sex offender group therapy session, he admitted to spending a great deal of time in planning ways to act on his pedophilic obsession, acknowledging implicitly his understanding of the relationship between his letters and the conduct for which he was incarcerated.  Indeed, appellant's counselor characterized his letters as part of a "continued and escalating involvement in deviant sexual fantasies."  Finally, appellant attempted to hide his letters from prison authorities, an act which is inconsistent with his contention that he lacked knowledge that his letter-writing activities might be viewed as incompatible with the condition of his suspended sentence.

The record thus establishes that appellant knew that indulging in such conduct was inconsistent with the court's condition that he be of good behavior.  "[T]he fair warning doctrine does not provide a safe harbor for probationers who

8

choose to ignore the obvious." Gallo, 20 F.3d at 12. We hold, therefore, that appellant had fair warning that his actions were inconsistent with the good behavior condition of his suspended sentence and affirm the trial court's revocation of his suspended sentence.

Affirmed.