# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Benjamin Quint

## January 29, 1999

## Case No. J2035482203

BY JUDGE DENNIS J. SMITH

This case was heard on November 13, 1998, upon the Petition for a Writ of Mandamus, and the ruling has previously been communicated to counsel. The only witness to testify was Peter Roussos, a probation officer for the Juvenile and Domestic Relations District Court. His uncontroverted testimony and the records of the proceedings in Juvenile Court establish the following facts. The defendant, Benjamin Quint, became aware that a capias was outstanding directing that he be arrested and brought before the Juvenile and Domestic Relations District Court of Fairfax County to show cause why he should not be committed to the Department of Juvenile Justice in accordance with his prior sentence, as it was alleged that he violated a condition of the suspension of that sentence. No date or time of hearing was set forth in that capias. The defendant's counsel worked with the probation officer to schedule a "detention hearing," and it was pursuant to that understanding that all parties appeared before the Juvenile Court on October 14, 1998. At that time, the presiding judge asked defendant's counsel if Mr. Quint was attending the Massanuten Academy as required by the prior court order. Defendant's counsel responded that they would address that question at trial. The judge then insisted upon an answer to the question, and when told by defendant's

counsel that the defendant was scheduled to be interviewed for the academy but that he was not currently enrolled, the judge indicated that he was finding the defendant in violation of the condition and revoked the suspension.

The Attorney General asserts that the Petitioner herein fails to establish any legal duty on the part of a judge to do the thing sought to be ordered. This argument is untenable. A probation revocation in Juvenile Court is "governed by the procedures, safeguards, rights, and duties applicable to the original proceedings." § 16.1-291. For the Court to commit a juvenile to the Department of Juvenile Justice, the Court must find that the juvenile is delinquent. It is axiomatic that to comport with the United States and Virginia Constitutions, this deprivation of liberty can occur only after the defendant has been afforded notice and an opportunity to be heard at a trial. While denial of this right may be by virtue of an error in the trial process, the Court acting through the Judge has an obligation to ensure that the right to a trial is afforded a criminal defendant. See generally *Baker v. Commonwealth*, 25 Va. App. 19 (1997) (for authority that judge has obligation to ensure speedy trial rights are afforded). This is not discretionary, and Mandamus will lie to compel a court to give a full hearing to a case. See *Nelson v. Superior Court of Los Angeles County*, 217 P.2d 119 (1950).

The Attorney General further argues that the defendant was found to be in violation based on counsel's statements to the court at the detention hearing and that this somehow satisfied his due process rights. This argument is similarly untenable. An admission by defendant's counsel that defendant has not done that which he has been required to do cannot satisfy the requirement of a hearing. He has a right to be heard fully and could, for example, present evidence to establish that while he is not enrolled at the academy in accordance with the condition of suspension, his failure to attend Massanuten is due to no fault of his own.

It is correctly asserted by the Attorney General that the defendant's due process requirements are substantially lessened where the proceeding involves a probation revocation. See *Howie v. Commonwealth*, 222 Va. 625 (1981). While this is a true statement of law, the due process clause is not eliminated in probation revocation proceedings, and at a minimum, the defendant must be afforded notice and opportunity to be heard. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The testimony in this case does not establish that either of these conditions have been fulfilled in a meaningful fashion. This case is more akin to *Copeland v. Commonwealth*, 14 Va. App. 754 (1992), where the defendant was convicted of committing a crime while on probation. The probation officer recommended in the pre-sentence report for that subsequent crime that a

hearing regarding probation revocation be held "following disposition in the instant case." The Commonwealth argued that this recommendation was adequate notice for due process purposes. The Court of Appeals disagreed, stating that "[n]either the time nor the grounds for the hearing were specified." 14 Va. App. at 756. While the grounds for the revocation were alleged in the capias for Mr. Quint's arrest, there is no evidence that he was notified that the revocation hearing would take place on October 14, 1998. In fact, the evidence is to the contrary and establishes that the defendant and his counsel were told by the person who scheduled the hearing that the proceeding on October 14, 1998, was a detention hearing under § 16.1-250.

Section 16.1-250 of the 1950 Code of Virginia, as amended, sets out the procedure for detention hearings in Juvenile and Domestic Relations District Court. Section 16.1-250(D) requires that the parties shall be informed of the right to counsel and the child's right to remain silent. The Court is required to determine whether probable cause exists to believe that the child committed a delinquent act, and, if it does, the court must then release the child pending a trial on whatever conditions are appropriate or detain the child pending a trial. This hearing is at its essence a combination of an arraignment and a preliminary hearing and is substantially different from a trial on the merits. The evidence in this case clearly establishes that no one was on notice that a hearing on the merits of the alleged violation would be held on October 14, 1998. Furthermore, the evidence establishes that counsel for the defendant requested an opportunity to be heard on the allegation at a future hearing for which he had time to prepare, and that opportunity was not afforded him.

For the foregoing reasons, it is apparent to this Court that the defendant was denied due process in the Juvenile and Domestic Relations District Court. This case, however, is a Petition for a Writ of Mandamus. The issuance of such a Writ is reserved for cases in which "there is no other specific and adequate remedy." *Gannon v. State Corp. Comm'n*, 243 Va. 481, 482 (1992). The defendant here had an adequate remedy in his right to appeal the case to the Circuit Court for a trial *de novo*, a right which he has exercised. The defendant does not have a constitutional right to "two bites at the apple," as asserted by his counsel. The "two bites" are a creation of the statutory scheme, and a failure to provide the "first bite" is cured by the later proceeding. See *Howie, supra.* I wholeheartedly agree with the proposition that juvenile court judges have expertise in dealing with matters pertaining to juveniles (see e.g, *Price v. Commonwealth*, 25 Va. App. 655 (1997); see also Judge Benton's dissent in *Crabtree v. Crabtree*, 17 Va. App. 81 (1993)). However, the options available to the Juvenile Court judge are still available to the Circuit Court

judge, and it cannot be said that the *de novo* hearing the defendant will be afforded in Circuit Court would not fully satisfy his constitutional right to due process. It is therefore an adequate remedy at law. The Petition is therefore denied.