COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Alexandria, Virginia


MARK ANTHONY LAWRENCE

                                        MEMORANDUM OPINION* BY
v.   Record Nos. 0716-01-4 and   CHIEF JUDGE JOHANNA L. FITZPATRICK
            1385-01-4                    DECEMBER 3, 2002

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Leslie M. Alden, Judge

        Vanessa Antoun, Senior Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General;
        H. Elizabeth Shaffer, Assistant Attorney
        General, on brief), for appellee.


    Mark Anthony Lawrence (appellant) contends the trial court

violated his due process rights when it revoked his probation and

imposed the full term of his three-year suspended sentence.

Finding no due process violation, we affirm.

                        I.  BACKGROUND

    The essential facts are not in dispute.  In November 1995,

appellant was convicted of attempted abduction.  He was sentenced

to five years in the penitentiary, followed by three years of

active probation.  On March 9, 2000 the trial court issued a bench

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

warrant charging that appellant had violated the terms of his probation.  Specifically the bench warrant charged:

> MARK ANTHONY LAWRENCE has violated the terms of his probation:
>
> Condition #6:  To follow my Probation and Parole Officer's instruction and be truthful and cooperative;
>
> On February 7, 2000 subject was transported to the Kennedy Shelter, 9155 Richmond Highway, Alexandria, VA., and instructed to obey all of the shelter's rules and to conduct himself in a manner so as not to be removed from the shelter.  On February 22, 2000, Mr. Joe Boodie, Case Manager, Kennedy Shelter reported that about 5:30 pm on February 21, 2000, subject made unwanted sexual advances toward Ms. Lisa Jones, Night Manager at the shelter.  He said words to the effect that, I need some loving or I need some sex.  Subject was immediately removed from the shelter.
>
> And the Defendant has not been of good behavior and there is good reason to believe his suspended sentence should be revoked.

Appellant was arrested on the bench warrant February 1, 2001 and on February 16, 2001 at the resulting revocation hearing denied that he "[was] removed from the shelter for non-compliance with the rules there."  At this hearing, appellant objected to the Commonwealth presenting evidence concerning his failure to maintain contact with the probation office because the bench warrant did not list that as a basis for a violation. Notwithstanding his objection, appellant presented evidence as part of his case that he and others on his behalf had attempted to contact his probation officer on several occasions after his

-

termination from the Kennedy Shelter.  The Commonwealth then called a probation officer who testified about the facts surrounding his removal from the shelter and his failure to keep in contact with the probation office.  At the conclusion of that hearing, the trial court revoked appellant's probation and stated:

> I'm convinced that the condition was given to you that you were to abide by all the rules of the Kennedy Shelter.  I'm convinced you failed to do that.  And I am also convinced that you absconded from probation after that.

On May 18, 2001 the trial court granted appellant's motion to rehear and allowed appellant to present additional evidence of his attempts to contact his probation officer after being removed from the shelter.  At the close of the reconsideration hearing, the trial court again found appellant to be in violation and sentenced him to three years incarceration.  The sole issue presented in these combined appeals is whether the trial court violated appellant's due process rights by considering evidence on "absconding" from probation when that information was not specifically noticed as a basis for revocation on the bench warrant.[1]

---

[1] Appellant noted an appeal to the March 2, 2001 order revoking his probation on March 19, 2001.  However, appellant then sought reconsideration in the trial court.  When the trial court denied reconsideration by order dated May 22, 2001, appellant again noted an appeal.  There is only one issue to be resolved by this Court.

## II. ANALYSIS

"No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend V.; Va. Const. art. 1, § 11. "In general, due process requires that individuals have notice of those acts which may lead to a loss of liberty." Holden v. Commonwealth, 27 Va. App. 38, 45, 497 S.E.2d 492, 495 (1998) (citing Marks v. United States, 430 U.S. 188, 191 (1977)). In the context of revocations

> minimum due process requirements include: (1) written notice; (2) disclosure of the evidence against the accused; (3) an opportunity to be heard and to present evidence and witnesses; (4) an opportunity to confront and cross-examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement as to the evidence relied on and reasons for revoking parole.

Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 295 (1992) (citing Morrissey v. Brewster, 408 U.S. 471 (1972)). An order requiring the defendant to appear to show cause why his suspension of sentence should not be revoked satisfies the notice requirement. See id. at 756, 419 S.E.2d at 296.

In the instant case, the bench warrant expressly stated that appellant had been removed from the Kennedy Shelter for inappropriate conduct. The record supports the trial court's finding that appellant was terminated from his shelter placement for cause. This was clearly the issue outlined in the language

-

of the bench warrant and provides an adequate basis for the trial court's revocation of appellant's suspended sentence.

"In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so for any cause deemed by it sufficient." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991) (citing Hamilton v. Commonwealth, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976); Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946)). "'The court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis, 12 Va. App. at 86, 402 S.E.2d at 687). The trial court found as a fact that appellant failed to abide by the rules of the Kennedy Shelter as set out in the bench warrant, and this alone provides a sufficient basis for the revocation. Credible evidence supports this finding.

Moreover, appellant waived his due process objection to the trial court's consideration of evidence that he "absconded" from his probation when he presented evidence on absconding.

-

Appellant "is confronted by a substantive rule of law which renders irreversible the action of the trial court" in receiving evidence on absconding. Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992). "The rule is that 'where an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and we cannot reverse for the alleged error.'" Id. (quoting Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970)); see also Combs v. Norfolk and Western Rwy. Co., 256 Va. 490, 499, 507 S.E.2d 355, 360 (1998). Initially, appellant presented evidence on this issue at the February 16, 2001 revocation hearing. He also requested and received permission to present additional evidence of this nature at the hearing on his motion to reconsider. The record reflects that appellant had notice and ample opportunity to be heard on all issues and, thus, no due process violation occurred. The trial court is affirmed.

Affirmed.

-