COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Kelsey
Argued at Richmond, Virginia


JEROME ARTIS, JR.

                                                MEMORANDUM OPINION* BY
v.        Record No. 0175-05-2                  JUDGE LARRY G. ELDER
                                                MARCH 7, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Richard D. Taylor, Jr., Judge

            Craig W. Stallard, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Denise C. Anderson, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Jerome Artis, Jr., (appellant) appeals from a ruling revoking a previously suspended

sentence and reimposing a period of that sentence based on his violation of the good behavior

condition of that suspension while he was incarcerated.  On appeal, he contends the trial court

abused its discretion by revoking the suspended sentence because (1) the revocation was based

on matters that were only institutional infractions and did not amount to substantial misconduct

and (2) he did not have fair warning that his actions could result in revocation.  We hold the trial

court did not abuse its discretion in revoking a portion of appellant's suspended sentence, and we

affirm.

        "A trial court has broad discretion to revoke a suspended sentence and probation based on

Code § 19.2-306."  Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991).  It

may do so "for any cause deemed by it sufficient which occurred at any time . . . within the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

period of suspension fixed by the court . . . ." Code § 19.2-306. The Supreme Court of Virginia has interpreted this language to mean a "reasonable cause." Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946). "The court's . . . judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis, 12 Va. App. at 86, 402 S.E.2d at 687.

"[I]n revocation hearings 'formal procedures and rules of evidence are not employed,'" id. at 84, 402 S.E.2d at 686 (quoting Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656 (1973)), and "the process of revocation hearings 'should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial,'" id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972)).

Here, it was undisputed that the period of suspension of appellant's 1987 sentence for breaking and entering with intent to commit rape was for his natural life and that being of good behavior was a stated condition of that suspension. "Good behavior is not limited to an avoidance of criminal activity." Holden v. Commonwealth, 26 Va. App. 403, 409, 494 S.E.2d 892, 895 (1998). "[I]niquitous, but not necessarily illegal, conduct [also] justifies a court's revocation of a suspended sentence." Holden v. Commonwealth, 27 Va. App. 38, 42, 497 S.E.2d 492, 494 (1998) (citing Bryce v. Commonwealth, 13 Va. App. 589, 591, 414 S.E.2d 417, 418 (1992)). "[A] court may revoke a defendant's suspended sentence for substantial misconduct not involving violation of law." Id. at 44, 497 S.E.2d at 495 (citing Marshall v. Commonwealth, 202 Va. 217, 220-21, 116 S.E.2d 270, 273-74 (1960)).

It is axiomatic that if an unincarcerated offender may violate the good behavior condition of a suspended sentence by engaging in behavior that does not amount to a crime or is not charged as one, an inmate also may violate the good behavior condition of a suspended sentence by engaging in behavior that does not amount to a crime or is not charged as one. Whether

misbehavior constitutes an institutional infraction may be probative of whether it also amounts to a violation of a good behavior condition, but it is not dispositive. See id. at 44-46, 497 S.E.2d at 495-96 (holding defendant incarcerated for aggravated sexual battery of child violated good behavior condition by writing letters describing how he planned to reoffend and that hiding those letters from prison officials and failing to reveal his desires in his group therapy sessions showed a knowledge that writings violated good behavior condition). Similarly, how the Department of Corrections chooses to punish a particular infraction or how that infraction affects an inmate's ability to earn "good behavior" credits may be probative but is not dispositive of whether the misbehavior amounts to "substantial misconduct" supporting revocation of the suspended sentence.

Applying these principles to the facts of this case, we hold the trial court's decision to revoke four years of appellant's suspended sentence was not an abuse of discretion. Appellant's underlying convictions were for rape, malicious wounding, and breaking and entering with intent to commit rape. While serving active sentences of incarceration for the first two of those offenses, appellant committed institutional infractions involving (1) threatening correctional officers and threatening to commit arson and (2) indecent exposure for masturbating while standing in an open bathroom door in full view of a guard at an institutional officer's desk. Shortly after being notified that the Commonwealth intended to seek a revocation of suspension based, *inter alia*, on the above infractions, appellant committed a second infraction for indecent exposure, arising out of an incident of masturbation in an inmate day room. This evidence was sufficient to permit a finding that appellant failed to satisfy the good behavior condition of his suspended sentence.

Appellant nevertheless contends the evidence was insufficient to show he had adequate *notice* that the conduct resulting in the institutional infractions violated the good behavior

- 3 -

condition of his suspended sentence. He cites our pronouncement in Holden that "'[w]hen . . . a court order is read to proscribe conduct that is not in itself unlawful, the dictates of due process forbid the forfeiture of an actor's liberty by reason of such conduct unless he is given fair warning.'" 27 Va. App. at 44-45, 497 S.E.2d at 495 (quoting United States v. Gallo, 20 F.3d 7, 12 (1st Cir.1994)). We hold this principle does not compel the result appellant seeks for two reasons.

First, we agree with the trial court's conclusion that the institutional infractions upon which the Commonwealth relied were also criminal offenses, thereby providing appellant with adequate notice that the commission of these infractions violated the good behavior condition. As argued by the Commonwealth to the trial court, appellant's 1993 threats to guards searching his cell that they would "get [theirs]" and that he would set a fire constituted the crime of obstructing justice in violation of Code § 18.2-460. See Polk v. Commonwealth, 4 Va. App. 590, 593-95, 358 S.E.2d 770, 772-73 (1987). Appellant's acts of indecent exposure, in which his penis was exposed and he was masturbating, also constituted criminal offenses in violation of Code § 18.2-387. Although appellant contends he lacked the requisite intent, the record supports a contrary finding. As to the first act, the record included a statement that appellant admitted intentionally committing the act in full view of a guard. As to the second act, the court was entitled to infer that the place in which appellant committed it made it likely that he would be seen and permitted the inference that he intended exposure as a "natural and probable consequence[] of his acts." Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc). That prison officials chose not to pursue criminal sanctions for these infractions is not dispositive.

Furthermore, we hold that an inmate who knowingly engages in misbehavior that constitutes an institutional infraction, regardless of whether it also constitutes a criminal offense,

- 4 -

is on notice that the misbehavior might also be found to violate the good behavior term of his suspended sentence. Here, the evidence supported a finding that upon appellant's initial commitment to the Department of Corrections following his conviction and sentencing in 1987, he received a handbook listing all institutional infractions subject to punishment by the DOC. Thus, he was on notice that his commission of any of the listed acts might also be viewed as a violation of the good behavior condition of his suspended sentence. In addition, before appellant committed the second indecent exposure infraction, the revocation proceedings were already underway. Thus, appellant had *actual* notice prior to the second indecent exposure incident that the Commonwealth considered such behavior in an institutional setting to be an act violating the good behavior condition of his suspended sentence. Accordingly, we reject appellant's claim that the revocation of his suspended sentence based on these institutional infractions violated a due process notice requirement. "'[T]he fair warning doctrine does not provide a safe harbor for probationers who choose to ignore the obvious.'" Holden, 27 Va. App. at 45-46, 497 S.E.2d at 496 (quoting Gallo, 20 F.3d at 12).

For these reasons, we hold the trial court did not abuse its discretion in revoking a portion of appellant's suspended sentence, and we affirm.

Affirmed.