## Richmond

**BILLY WAYNE COFFEY v. COMMONWEALTH OF VIRGINIA.**

April 28, 1969.

Record No. 6950.

Present, All the Justices.

*J. Murrell Daniel* for plaintiff in error.

*Anthony F. Troy, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

Billy Wayne Coffey, the defendant, appeals from a judgment order revoking the suspension of a penitentiary sentence earlier imposed upon him by the trial court.

On November 7, 1966, the defendant was convicted of the offense of concealing stolen goods and was sentenced to serve two years in the penitentiary. On the same date, he was also convicted of statutory burglary and was sentenced to serve three years in the penitentiary, the sentence "to be computed from the date of expiration of sentence" imposed for concealing stolen goods. However, the judgment order imposing the sentence for statutory burglary contained the following provisions:

"On motion of the accused, and upon the recommendation of the Commonwealth's attorney, and it appearing compatible with the

public interest, the court doth order that execution of the aforesaid sentence to the penitentiary be suspended upon condition that the said accused, Billy Wayne Coffey, be of good behavior in all respects for the term of five years from the date of his release after serving sentence this day imposed upon said accused for concealing stolen goods, and be and he is hereby placed on probation under the general supervision of the state probation and parole officer of this court, to report to the said probation and parole officer as and when he shall reasonably require and direct, to obey such reasonable rules and regulations as the said probation and parole officer shall prescribe for him, and not to leave the jurisdiction of this court without the permission of said probation and parole officer, during the term of five years aforesaid. . . .”

The defendant was transferred to the penitentiary to serve the two-year sentence imposed upon him for concealing stolen goods. On May 2, 1967, he was placed on parole from that sentence until November 2, 1968.

While on parole in June, 1967, the defendant was charged with three offenses of grand larceny and one offense of statutory burglary. He was convicted of each of the offenses on November 7, 1967. On the same date, a capias was issued for the defendant requiring him to show cause why the suspension of sentence and probation imposed upon him for statutory burglary on November 7, 1966, should not be revoked.

On December 4, 1967, the defendant was brought into court in response to the capias. The suspension of sentence and probation imposed on November 7, 1966, were revoked, and he was ordered to serve the sentence. He was granted a writ of error.

The defendant contends here, as he did in the trial court, that the suspension of sentence should not have been revoked because at the time he allegedly violated the terms of the suspension, he “had not begun his probation” under the order of November 7, 1966. He argues that by its terms, the order would not have become effective until he had served the two-year sentence imposed for concealing stolen goods, and since he had not yet completed serving that sentence but was still on parole therefrom at the time he committed the new offenses in June, 1967, he was not subject to the terms of the suspension order.

The defendant says that one does not serve a sentence while on parole and is given no credit on the sentence for time spent on parole.

That being true, the defendant concludes that the terms of the suspension order of November 7, 1966, would not have become effective until he had been released from parole or had actually served the two-year sentence imposed for concealing stolen goods.

The fallacy in the position of the defendant is that his obligation is not to be decided by the principles applicable to parole. Instead, his liability under the order of November 7, 1966, is to be determined by the rules relating to suspended sentences, by the grace of which he was given the suspension in the first instance.

Code, § 53-272 provides, in part, as follows:

". . . [T]he court may suspend the execution of sentence . . . and may also place the defendant on probation under the supervision of a probation officer, during good behavior for such time and under such conditions of probation as the court shall determine. . . ."

Code, § 53-275 provides, so far as is pertinent here, as follows:

"The court may, for any cause deemed by it sufficient, revoke the suspension of sentence and any probation, if the defendant be on probation . . . at any time within the probation period, or if no probation period has been prescribed then within the period of suspension fixed by the court . . . whereupon . . . the original sentence shall be in full force and effect. . . ."

In *Marshall* v. *Commonwealth*, 202 Va. 217, 219-221, 116 S. E. 2d 270, 273-274 (1960), sentences imposed upon the accused were suspended, but there was no provision in the sentencing court's order that the suspensions were on condition of good behavior. It was contended that the court was without power to revoke the suspensions in the absence of such a condition. In construing Code, §§ 53-272 and 53-275 and in holding the contention of the accused to be without merit, we said:

"While the language of the suspensions does not in terms include a condition of good behavior, that condition is implicit in every such suspension and constitutes the origin and purpose of the suspension and probation statutes. . . . When a trial court suspends a sentence it 'does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform'. . . ."

\* \* \*

". . . [W]e now hold, in view of the purpose and history of the statute and the liberal construction to be given it, that the proper construction is that the phrase 'during good behavior' qualifies the power to suspend, as well as the power to place 'on probation under the supervision of a probation officer,' and that good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not.

". . . Clearly, we think, § 53-272 was not intended to authorize the suspension of sentence in any and all criminal cases without regard to the subsequent behavior of the defendant."

\* \* \*

"It seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension whether or not good behavior was expressly stated to be a condition of the suspension. . . ."

Here, there can be no doubt that the sentence imposed upon the defendant for statutory burglary on November 7, 1966, was, from the moment following its pronouncement, suspended. Were that not so, the sentence would have been in full force and effect and the defendant required to serve it upon completion of the term imposed for concealing stolen goods.

Obviously, the order suspending the sentence is poorly worded. However, implicit at the time of the suspension of November 7, 1966, was the condition that the defendant be of good behavior, even though the period of supervised probation did not then begin to run.

The effect of the trial court's order was to fix two periods to which the condition of good behavior attached, both within the framework of Code, §§ 53-272 and 53-275. The first was a period of suspension without probation to commence November 7, 1966, the date the sentence was suspended, and to run until the defendant began supervised probation. The second was a period of suspension with probation to run for five years. And it is immaterial that termination of the first period and the simultaneous beginning of the second may have occurred earlier or later depending upon whether the word "release" in the court's order means release from the penitentiary or release from parole. In either event, the condition

of good behavior was in effect at the time the defendant committed the new offenses in June, 1967.

When the trial court suspended the sentence of the defendant, it could not and did not enter into an agreement with him to ignore all subsequent misbehavior on his part until his period of supervised probation had begun. The purpose of suspending the sentence was to give the defendant an opportunity to repent and reform. When the court saw that the defendant, by his involvement in the four felony offenses in June, 1967, had rebuffed the opportunity extended him and had displayed an unwillingness to be rehabilitated, it had the power to invoke the condition of good behavior which had attached to the suspension from the beginning. The court properly withdrew from the defendant the conditional freedom which it had given him and which he forfeited by his misconduct during the period of suspension.

The judgment of the trial court will be affirmed.

*Affirmed.*