**Billy Wayne COFFEY, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–5–L.**

United States District Court, W. D. Virginia, Lynchburg Division.

May 29, 1970.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Billy Wayne Coffey, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was transferred to this court by order dated February 16, 1970, from the United States District Court for the Eastern District of Virginia.

Petitioner was convicted by the Corporation Court of the City of Lynchburg on November 7, 1966, on two charges of statutory burglary and one charge of concealing stolen goods. On the bur-

glary convictions, petitioner was given suspended sentences. Petitioner was sentenced to two years imprisonment on conviction of concealing stolen weapons.

On May 2, 1967, petitioner was placed on parole. Within two months' time petitioner committed three offenses of grand larceny and one offense of statutory burglary. Following conviction for these crimes, the suspension of sentence and probation imposed on November 7, 1966 were revoked.

Petitioner complains that the conditions of the suspended sentences had not become operative and that the suspension could not be revoked. The trial court provided that the sentences were "suspended upon condition that the said accused, Billy Wayne Coffey, be of good behavior in all respects for the term of five years from the date of his release after serving sentence this day imposed upon said accused for concealing stolen goods. * * * " Petitioner alleges that the condition of good behavior did not become effective until he completely served the imprisonment sentence. This claim was considered by the Virginia Supreme Court of Appeals in Coffey v. Commonwealth, 209 Va. 760, 167 S.E.2d 343 (1969).[1] Having presented the claim to the highest court in the state, petitioner has exhausted his available state remedies. See Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

It is axiomatic that petitioners on habeas corpus in the federal

---

1. For the following reasons relief was denied in that suit:

    Obviously, the order suspending the sentence is poorly worded. However, implicit at the time of the suspension of November 7, 1966, was the condition that the defendant be of good behavior, even though the period of supervised probation did not then begin to run.

    The effect of the trial court's order was to fix two periods to which the condition of good behavior attached, both within the framework of Code §§ 53-272 and 53-275. The first was a period of suspension without probation to commence November 7, 1966, the

date the sentence was suspended, and to run until the defendant began supervised probation. The second was a period of suspension with probation to run for five years. And it is immaterial that termination of the first period and the simultaneous beginning of the second may have occurred earlier or later depending upon whether the word "release" in the court's order means release from the penitentiary or release from parole. In either event, the condition of good behavior was in effect at the time the defendant committed the new offenses in June, 1967. 209 Va. at 763 & 764, 167 S.E.2d at 345.

courts must allege constitutional violations of their rights. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). The interpretation of a state court order properly belongs in the state courts. The state courts of Virginia have decided this issue. This court will zealously refrain from interfering with the administration of the state's criminal laws unless a federal constitutional issue is presented. None is presented here.

For the foregoing reasons, the petition is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order, or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.