COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


RONLYN HICKS BROWN EATON, S/K/A
 RONLYN BROWNE EATON
                                    MEMORANDUM OPINION* BY
v.    Record No. 0132-98-3       JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SALEM
                   Robert P. Doherty, Jr., Judge

            (Rena G. Berry, on brief), for appellant.
            Appellant submitting on brief.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Ronlyn Hicks Brown Eaton appeals the judgment of the trial

court which revoked her suspended sentences and ordered them to

be served.  Concluding that the trial court did not abuse its

discretion, we affirm.

     The trial court convicted the defendant of three counts of

petit larceny and one count of failure to appear in February

1996.  The defendant entered guilty pleas, and pursuant to a plea

agreement, the trial court sentenced her to twelve months in

jail.  The court suspended the sentences conditioned on the

defendant paying the court costs within twelve months, and it

placed her on probation.

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

In October 1997, the Commonwealth moved to revoke the suspension because the defendant had failed to pay any court costs and had received a subsequent conviction for uttering a bad check. The trial court revoked her suspended sentences. At a motion to reconsider, the defendant tendered full payment of the court costs, but the trial court declined to modify its decision. The trial court stated, "the revocation was not solely because [the defendant] had not paid [her] court costs, but it was because of other convictions, other crimes, similar type crimes." The defendant argues that the court is unjustly imprisoning her for financial circumstances beyond her control. We disagree.

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.' The court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991) (citation omitted). The only limitation upon the trial court's revocation is that it be "reasonable." Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 479, 484 (1960).

The defendant has failed to demonstrate that the trial court abused its discretion in revoking the suspended sentences. It is undisputed that she obtained a subsequent conviction during the probationary period. See Coffey v. Commonwealth, 209 Va. 760, 762, 167 S.E.2d 343, 345 (1969). In addition, she paid no court costs for twenty months, but obtained the full sum by the hearing

on the motion to reconsider.  The court did not believe the defendant's explanations for not paying her court costs.  The trier of fact is not required to accept a party's evidence in its entirety, see Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness.  See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

The record establishes that the trial court had sufficient, reasonable cause to revoke the suspended sentences.  Accordingly, we affirm that decision.

Affirmed.