COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


MICHAEL WILKERSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 1287-98-1        JUDGE RUDOLPH BUMGARDNER, III
                                           JUNE 8, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                     Rodham T. Delk, Jr., Judge

            (Robert E. O'Neill; Office of the Public
            Defender, on brief), for appellant.
            Appellant submitting on brief.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     The trial court revoked three sentences because the

defendant violated the conditions of his probation.  It revoked

sentences totaling ten years and two months, ordered the

defendant to serve three years, and re-suspended seven years and

two months.  The defendant appeals alleging that the subsequent

offenses were not serious enough to warrant the revocation.

Finding that the defendant did not preserve this argument for

appeal, we affirm the trial court.

     While on probation, the defendant was convicted of two

counts of felony petit larceny and one count of assault and

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

battery.  He admitted to the trial court that "there is no question that but revocation of the previous orders of suspension . . . is appropriate because there is a clear violation by a Condition 1 violation in these cases."[1]  The defendant never argued to the trial court that these offenses were not serious enough to warrant revocation.  He only argued that some of the sentences should be re-suspended.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.  See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

The trial court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'"  Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)).  The only limitation upon revocation by the

---

[1]Condition 1 requires the defendant to "obey all municipal, state, and federal laws and ordinances."

–

trial court is that it be "reasonable."  Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 479, 484 (1960).

The defendant has failed to demonstrate that the trial court abused its discretion in revoking the suspended sentences. It is undisputed that he violated the conditions of the suspension when he obtained subsequent convictions during the probationary period.  See Coffey v. Commonwealth, 209 Va. 760, 762, 167 S.E.2d 343, 345 (1969).

For the foregoing reasons, we affirm the revocation of the defendant's suspended sentences.

Affirmed.