Present:  Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

DEION COLLINS

v.  Record No. 040367

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE CHARLES S. RUSSELL
January 14, 2005

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal involves the distinction between the suspension of sentence and probation in a criminal case as well as the implied condition of good behavior pertaining to both.

On June 29, 2001, in the Circuit Court of the City of Norfolk, Deion Collins was convicted of possession of marijuana with intent to distribute in violation of Code § 18.2-248.1 and was sentenced to two years incarceration plus a fine.  The court suspended one year and nine months of the sentence upon the condition that he report to jail on July 13, 2001, to begin serving the unsuspended 3-month portion of the sentence.  Collins reported to jail on that date, but a few hours later he was admitted to bail pending appeal pursuant to Code § 19.2-319 and remained free on bail while his appeals were under consideration.[1]

The sentencing order contained the following provisions:

**Good behavior**. The defendant is placed on probation and shall be of good behavior for 2 years from the defendant's release from confinement.

**Supervised probation**. The defendant is placed on probation to commence upon his release from incarceration, under the supervision of a Probation Officer for an indeterminate length of time to be determined by the Probation Office. The defendant shall comply with all the rules and requirements set by the Probation Officer.

On July 1, 2002, while Collins was still free on bail and while his appeal was pending in the Court of Appeals, he committed a new offense: possession of cocaine with intent to distribute. On October 9, 2002, he was convicted of that offense by the circuit court and sentenced to five years confinement, part of which was suspended. The latter conviction led to Collins' arrest on a "Probation Violation Capias" that ordered that he be brought before the court "to show cause why his probation should not be revoked, sentence imposed and ordered executed."

At a hearing on May 2, 2003, the court made a finding that Collins was "in violation of [his] probation" and ruled: "probation will be ordered revoked and the suspended time ordered executed." The court's order, entered May 15, 2003, provided:

---

[1] Collins' appeals were unsuccessful, being refused by the Court of Appeals on July 30, 2002, and by this Court on November 13, 2002.

2

This date the Court conducted a summary proceeding pursuant to Section 19.2-303 and 19.2-306 at which the defendant was required to show cause why probation should not be revoked for violation of the terms of probation. The defendant, after being given an opportunity to show cause against the alleged violation and as to why probation should not be revoked, was found to have violated the terms of probation, and revocation of probation was ORDERED.

. . . .

The Court SENTENCES the defendant to:
Incarceration . . . for the term of: 2 years . . . .

Collins filed a petition for appeal in the Court of Appeals that was denied by a *per curiam* opinion on January 20, 2004. Collins assigns a single error: "The trial court erred when it ruled that an offense prior to the initiation of a period of probation can serve as a basis for a violation of that probation." We awarded him this appeal.

Collins argues that his sentencing order expressly stated that his "period of good behavior was to begin after release from incarceration." He points out that his period of probation was, by the terms of the sentencing order, "to commence on his release from incarceration," and that he never began his term of confinement on the marijuana conviction, having remained free on his appeal bond until he was arrested on the cocaine charge. He argues that his period of probation had not then begun and that he could not, therefore, be in violation of its terms.

The Commonwealth replies that although Collins had not yet begun his period of probation supervision when he committed his second offense, he was nevertheless subject to a suspended sentence from the time it was pronounced by the court and that good behavior is an implicit condition of every suspended sentence, citing Coffey v. Commonwealth, 209 Va. 760, 167 S.E.2d 343 (1969).

Code § 19.2-306 provides, in pertinent part:

> A. In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.
>
> . . . .
>
> C. If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then . . . if the court originally suspended the execution of sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect.

(Emphasis added).

This section recognizes the distinction between probation and the suspension of sentence. The concepts are distinct but overlapping, in the sense that a sentence of confinement may be suspended without admitting the defendant to probation while a prerequisite to probation is that any sentence of confinement be first suspended. In that light, we examine Collins' status at the time he committed his second offense,

4

which triggered the trial court's action, the subject of this appeal.

A threshold question is the effect, if any, of the fact that Collins was free on bail pending appeal at the time he committed his second offense. We held, in Peterson v. Commonwealth, 225 Va. 289, 297-98, 302 S.E.2d 520, 525-26 (1983), that appeal of a criminal conviction does not affect the finality of judgment, but only suspends the execution of the sentence. Because the judgment of the trial court is presumed to be correct unless and until reversed, a conviction pending appeal may be used for impeachment purposes. Id.; see also Hirschkop v. Commonwealth, 209 Va. 678, 680, 166 S.E.2d 322, 324 (1969) (finality of judgment unaffected by pending appeal); Bridges v. Commonwealth, 190 Va. 691, 697-98, 58 S.E.2d 8, 11 (1950) (same). We conclude that Collins was subject to a final judgment of conviction and sentence at the time in question and that neither his pending appeal nor his bail status had any effect on the question before us.

Coffey, relied on by the Commonwealth, was decided on different facts but involved the principles that govern the present case. Coffey was sentenced to two years confinement for receiving stolen goods. On the same day, he was sentenced to three years confinement for statutory burglary, but that sentence was suspended on condition that Coffey be of good

behavior for a term of five years after his release on the two-year sentence.  He was also to be on probation during the five-year suspension period.  While serving his two-year sentence, Coffey was released on parole.  While on parole, less than a year after his first conviction, Coffey committed four new felonies.  When he was convicted and sentenced for these new offenses, the court revoked his suspension of sentence and probation on the statutory burglary conviction.  On appeal, Coffey contended that the terms of his suspended sentence on the statutory burglary conviction had not yet become effective when he committed the new offenses and that he could therefore not be found in violation of them.  Coffey, 209 Va. at 760-63, 167 S.E.2d at 343-45.

We did not agree.  Quoting Marshall v. Commonwealth, 202 Va. 217, 219-221, 116 S.E.2d 270, 273-74 (1960), we observed that the condition of good behavior is implicit in every order suspending sentence, is a condition of every such suspension, whether probation is provided for or not, and applies "whether expressly so stated or not."  Coffey, 209 Va. at 762-63, 167 S.E.2d at 344-45.  We further held that the suspended sentence, with its implied condition of good behavior, was in effect "from the moment following its pronouncement."  Id. Observing that the order suspending the sentence had been "poorly worded," we held that it nevertheless had the effect

6

of fixing two different periods to which the condition of good behavior attached: a period of suspension without probation, beginning upon the pronouncement of sentence and lasting until the defendant began supervised probation, and a second period, to run for five years while the defendant was on probation. Id. at 763, 167 S.E.2d at 345.

Those principles govern the present appeal as well. Here, Collins received a suspended sentence on June 29, 2001. Although the sentencing order failed to express a condition of good behavior, it was subject to that condition as a matter of law, "effective the moment following its pronouncement" and lasting until he began supervised probation. Thereafter, he was to be subject to the same condition of good behavior throughout the period of supervised probation. If, as in Coffey, the sentencing order was "poorly worded," Collins is in no position to complain of it. He seeks to take advantage of the benefit it affords him, the suspension of most of his sentence, without accepting the condition to which that benefit was subject, his good behavior. Because Collins, during the period of suspension, violated the condition to which his suspension of sentence was subject, the trial

court's revocation of the suspension was mandatory. Code § 19.2-306(C).[2]

Collins points out that the order of revocation appealed from erroneously purported to revoke Collins' "probation" rather than his suspended sentence. The order, however, takes the only course of action available to the court: ordering the execution of the original sentence, as mandated by the statute.[3] The error in the wording of the order was thus rendered harmless. Further, Collins assigns no error to the anomalous wording of the order and we cannot notice it on appeal. Rule 5:17(c).

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.

---

[2] Code § 19.2-306(C) would have empowered the court, after revoking the suspension, to "again suspend all or any part of this sentence," and to "place the defendant upon terms and conditions or probation." No error is assigned to the court's failure to re-suspend the sentence in this case.

[3] The revocation order stated that the full two-year sentence was to be served because Collins had not served the originally unsuspended three months.