COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


HERBERT RAY PALMER

                                               MEMORANDUM OPINION[*] BY
v.      Record No. 1263-05-4              JUDGE LARRY G. ELDER
                                                    OCTOBER 3, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

Robert R. Gregory for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


        Herbert Ray Palmer (appellant) appeals from a revocation of a previously suspended

sentence.  On appeal, he contends the court's revocation was erroneous, *inter alia*, because it was

based on the alleged violation of a condition of probation, which he had not yet begun because

he was still incarcerated.  He also contends that the court's pronouncement of that condition at

sentencing was different from the provision actually contained in the sentencing order and that

he was entitled to rely on the oral pronouncement, which he did not violate.  We hold that the act

upon which the court based the revocation violated the good behavior condition of the

suspension of appellant's sentence, which was in effect even during the period of his

incarceration, and that the court's written order prevailed over any apparently contradictory

provisions contained in the transcript of the proceedings.  Thus, we conclude the trial court did

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not abuse its discretion in revoking three months of appellant's previously suspended sentence of eight years nine months, and we affirm.

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). It may do so "for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The Supreme Court of Virginia has interpreted this language to mean a "reasonable cause," Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946), and to permit "revo[cation of] a defendant's suspended sentence for substantial misconduct not involving violation of law," Holden v. Commonwealth, 27 Va. App. 38, 44, 497 S.E.2d 492, 495 (1998) (citing Marshall v. Commonwealth, 202 Va. 217, 220-21, 116 S.E.2d 270, 273-74 (1960)).

"[T]he condition of good behavior is implicit in every order suspending sentence[;] is a condition of every such suspension, whether probation is provided for or not[;] and applies 'whether expressly so stated or not.'" Collins v. Commonwealth, 269 Va. 141, 147, 607 S.E.2d 719, 721 (2005) (quoting Coffey v. Commonwealth, 209 Va. 760, 762-63, 167 S.E.2d 343, 344-45 (1960)). "Good behavior is not limited to an avoidance of criminal activity." Holden v. Commonwealth, 26 Va. App. 403, 409, 494 S.E.2d 892, 895 (1998). "[I]niquitous, but not necessarily illegal, conduct [also] justifies a court's revocation of a suspended sentence." Holden, 27 Va. App. at 42, 497 S.E.2d at 494 (citing Bryce v. Commonwealth, 13 Va. App. 589, 591, 414 S.E.2d 417, 418 (1992)).

Further, a suspended sentence, with an express or implied condition of good behavior, is "in effect 'from the moment following its pronouncement.'" Collins, 269 Va. at 146, 607 S.E.2d at 721 (quoting Coffey, 209 Va. at 763, 167 S.E.2d at 345). "Where the trial court suspend[s] the sentence of [a] defendant, it . . . [does] not enter into an agreement with him to ignore all

subsequent misbehavior on his part until his period of supervised probation ha[s] begun." Coffey, 209 Va. at 764, 167 S.E.2d at 345-46. Rather, where the suspension includes probation as a condition, it "ha[s] the effect of fixing two different periods to which the condition of good behavior attache[s]: a period of suspension without probation, beginning upon the pronouncement of sentence and lasting until the defendant be[gins] supervised probation, and a second period, to run . . . while the defendant [is] on supervised probation." Collins, 269 Va. at 147-48, 607 S.E.2d at 721. Finally, an incarcerated individual, just like an unincarcerated one, may violate the good behavior condition of a suspended sentence by engaging in behavior that does not amount to a crime. See Holden, 27 Va. App. at 44-46, 497 S.E.2d at 495-96 (holding defendant incarcerated for aggravated sexual battery of child violated good behavior condition of suspended sentence by writing letters, kept hidden in his cell, describing how he planned to reoffend).

"The court's findings of fact and judgment [regarding revocation of a suspended sentence and probation] will not be reversed unless there is a clear showing of abuse of discretion." Davis, 12 Va. App. at 86, 402 S.E.2d at 687.

Here, as in Collins, appellant was subject to the good behavior condition of the suspended sentence from "'the moment following its pronouncement' . . . and lasting until he began supervised probation." 269 Va. at 146-47, 607 S.E.2d at 721. Thus, when he wrote the December 21, 2004 letter to the victim of his stalking and burglary crimes--following a sentencing hearing on September 3, 2004, and entry of the sentencing order on October 4, 2004--this good behavior condition was in effect. Numerous circumstances reasonably placed appellant on notice that contacting the victim could constitute a violation of the good behavior condition. In May 2003, the victim had obtained a protective order directing that appellant have "no contact w[ith] [the victim] or her prop[erty]." Appellant then pleaded guilty to the instant

charges for stalking and burglary, which stemmed from some of the same incidents that prompted the victim to seek the protective order. Evidence established appellant had also been incarcerated on other charges "related to [the victim]." At the sentencing hearing for the instant offenses, the Commonwealth made clear it had been in touch with the victim and that she wanted appellant to have "no contact whatsoever with her or her mother." The trial court then ordered good behavior as a condition of the suspension of a portion of appellant's sentence and directed as a special condition of supervised probation that appellant "is to have no contact with the victim, Wendy Hacker, or the victim's mother."

Although only the special condition of probation contained an *express* "no-contact" provision, appellant was on notice--based on the prior protective order, the history of the offenses at issue, and the victim's statements to the Commonwealth's attorney as represented by the Commonwealth at sentencing--that his contacting the victim or her mother in any way, including by letter, would be a violation of the good behavior condition of the suspended sentence. The fact that the order contained a special condition of probation specifically prohibiting appellant from contacting the victim provided appellant with additional notice that such contact would violate the good behavior condition, as well.

Appellant contends the court's pronouncement of the "no-contact" provision at sentencing was different from the provision actually contained in the sentencing order and that he was entitled to rely on the trial court's oral pronouncement that he could not have contact with the victim or her mother after he was released from incarceration. Based on settled principles, we disagree. "'[I]t is the firmly established law of this Commonwealth that a trial [court] speaks only through its written orders.'" Walton v. Commonwealth, 256 Va. 85, 94, 501 S.E.2d 134, 140 (1998) (quoting Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996)) (applying principle in capital murder case in which trial court's statement from bench conflicted with

sentencing order). Thus, the order is controlling, and any difference between the order and the transcript is presumed to be based on an error in the transcription.

Further, no principle of law required that the court, *sua sponte*, provide appellant or his attorney with a copy of the sentencing order upon its entry under the facts of this case. As the Supreme Court has explained, under Rule 1:13, applied "daily in civil and criminal cases,"

> [n]otice or endorsement is unnecessary [where] counsel are present in court when the ruling is made orally and are fully aware of the court's decision; preparation and entry of an order in standard form is all that remains to be done to end the case in the trial court. Indeed, prompt disposition of the business of the trial courts would be jeopardized if Rule 1:13 were interpreted to require notice or endorsement under these circumstances; counsel of record have the duty and responsibility to examine the public record and to determine the date of entry of such orders.

Smith v. Stanaway, 242 Va. 286, 289, 410 S.E.2d 610, 612 (1991); see id. (distinguishing prior cases construing Rule 1:13 or its predecessor, in which court took action which could not have been anticipated by counsel without providing notice of same and action "affected substantial rights of the defendant," such as by "effectively eliminat[ing] [a cross-claim] from the case by an order entered without notice to the cross-claimant"); see also Mullins, 251 Va. at 147-48, 466 S.E.2d at 93 (unanimously applying Stanaway).

Here, shortly after pronouncing sentence in open court, the trial court, as anticipated by the parties, entered a sentencing order containing the terms governing the suspension of appellant's sentence and probation. Had appellant and his counsel been concerned about the actual terms contained in that order, they could have obtained a copy of the order upon request. As set out above, to the extent appellant claims a conflict between the sentencing order and the conditions announced at sentencing as reflected by the transcript, the order is controlling. Thus, appellant has established no basis for challenging the trial court's dispensing with counsel's endorsements.

Finally, to the extent the court found appellant violated the terms of his probation rather than his suspended sentence, assuming without deciding that finding was error, the error was harmless. As the Supreme Court noted in Collins, 269 Va. at 147 & n.3, 607 S.E.2d at 722 & n.3, in which the trial court "erroneously purported to revoke Collins' 'probation' rather than his suspended sentence," the court's order "[took] the only course of action available to the court: ordering the execution of [some or all of] the original sentence." Thus, here, as in Collins, "[t]he error in the wording of the order[, if any,] was . . . harmless." Id. at 147, 607 S.E.2d at 722.

For these reasons, we hold that the behavior upon which the court based the revocation violated the good behavior condition of the suspension of appellant's sentence, which was in effect even during the period of appellant's incarceration. Thus, we conclude the trial court did not abuse its discretion in revoking three months of appellant's previously suspended sentence of eight years nine months, and we affirm.

Affirmed.