COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

HEATHER DAWN JENNINGS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0137-09-1                 JUDGE D. ARTHUR KELSEY
                                                           MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                               James A. Cales, Jr., Judge

               Gregory K. Matthews (Brenda C. Spry; Office of the Public
               Defender, on brief), for appellant.

               Karen Misbach, Assistant Attorney General II (William C.
               Mims, Attorney General, on brief), for appellee.


        In December 2006, the Portsmouth Circuit Court convicted Dawn Jennings of possession

of heroin and cocaine.  The court imposed and fully suspended a two-year sentence for the

heroin conviction.  For the cocaine conviction, the court imposed a two-year sentence and

suspended all but six months.  In 2007, Jennings was released from jail and returned to her

residence in Chesapeake.  A Chesapeake probation officer was assigned to supervise Jennings.

        Within a few months of her release, urine tests confirmed Jennings continued to use

heroin, cocaine, and morphine.  In addition, she failed to report to her probation officer and did

not complete a drug court program.  In September 2007, Jennings absconded from supervision

and never contacted her probation officer again.  The Portsmouth Circuit Court issued a show-

cause order requiring Jennings to explain why her suspended sentence should not be revoked.

        At the revocation hearing, the Chesapeake probation officer assigned to Jennings testified

without objection to the terms of probation and Jennings's violations.  A Portsmouth probation

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

officer explained to the court she had transferred supervision of Jennings to the Chesapeake probation officer. The Portsmouth probation officer also testified Jennings signed the Chesapeake form advising her of the terms and conditions of probation. The prosecutor initially offered, and then withdrew, a copy of the probation terms-and-conditions form.

In closing, Jennings's counsel argued there was "no evidence [Jennings] ever even *signed* the terms and conditions in *Portsmouth*, Your Honor. I understand *she certainly did in Chesapeake* and she has a probation violation coming up there." (Emphasis added.) The court asked counsel why it was important for Jennings to sign the Portsmouth terms-and-conditions form given that her supervision had been transferred to Chesapeake. Counsel responded, "I don't know, Your Honor. It's just an unsigned copy up there." After the court again asked whether that mattered, counsel said she "would move on from there" and added nothing further on this point. The court found Jennings had violated "the terms and conditions of [her] suspended sentence *and* supervised probation." Order (Dec. 22, 2008) (emphasis added). The court then revoked her suspended sentences and resuspended six months pursuant to Code § 19.2-306.

On appeal, Jennings argues the evidence was insufficient as a matter of law to revoke her suspended sentences because the "Commonwealth failed to produce terms and conditions of probation *that had been signed by defendant*." Appellant's Br. at 7 (emphasis added). We know of no authority, and Jennings offers none, for the proposition that probation conditions are not legally effective unless they are signed by the probationer. But we need not engage the issue because it misses a much larger point.

Virginia law imputes to every convict knowledge of an implied duty of good behavior during the term of a suspended sentence. See Coffey v. Commonwealth, 209 Va. 760, 762-63, 167 S.E.2d 343, 345 (1969); Marshall v. Commonwealth, 202 Va. 217, 219-20, 116 S.E.2d 270,

273 (1960). The duty of good behavior is "implicit in every order suspending sentence, is a condition of every such suspension, whether probation is provided for or not, and applies 'whether expressly so stated or not.'" Collins v. Commonwealth, 269 Va. 141, 146, 607 S.E.2d 719, 721 (2005) (quoting Coffey, 209 Va. at 762-63, 167 S.E.2d at 344-45, and Marshall, 202 Va. at 219-21, 116 S.E.2d at 273-74). Neither the trial court nor the probation officer has an obligation to define the exact scope of the implied duty of good behavior or to present it to the convict for his review and approval. "When a trial court suspends a sentence it 'does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform.'" Marshall, 202 Va. at 219, 116 S.E.2d at 273 (quoting Richardson v. Commonwealth, 131 Va. 802, 810-11, 109 S.E. 460, 462 (1921)).

Thus, with or without Jennings's signature on the probation officer's terms-and-conditions form, Jennings had an implied duty of good behavior throughout the entire term of her suspended sentences. She violated that duty by illegally using heroin, cocaine, and morphine. While not limited to illegal conduct, Holden v. Commonwealth, 27 Va. App. 38, 42, 497 S.E.2d 492, 494 (1998), the implied duty of good behavior certainly includes criminal conduct, Collins, 269 Va. at 146-47, 607 S.E.2d at 721, whether or not it results in a new conviction.

In sum, because Jennings "forfeited" her "conditional freedom" by committing new criminal offenses, Coffey, 209 Va. at 764, 167 S.E.2d at 346, the trial court did not err in revoking Jennings's suspended sentences without first finding Jennings signed the Portsmouth probation officer's terms-and-conditions form.

Affirmed.