COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Annunziata
Argued by teleconference


STEVEN WHEELER, S/K/A
  STEVEN T. WHEELER
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2252-09-2                  JUDGE CLEO E. POWELL
                                                SEPTEMBER 7, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                        Samuel E. Campbell, Judge

            (Christopher B. Ackerman, on brief), for appellant.  Appellant
            submitting on brief.

            Kathleen B. Martin, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
            appellee.


        Steven T. Wheeler ("Wheeler") appeals the trial court's decision to revoke his suspended

sentence for rape.  Wheeler contends that the trial court abused its discretion in revoking his

suspended sentence in its entirety because the revocation was based upon an act that occurred before

a previous revocation proceeding and was not considered as a basis for revocation at the previous

hearing.  For the reasons that follow, we disagree with Wheeler's argument and affirm the decision

of the trial court.

                                    BACKGROUND

        On September 9, 1998, Wheeler was convicted of rape.  On October 29, 1998, Wheeler was

sentenced to serve twenty years incarceration, with ten years suspended conditioned on his good

behavior.

------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At some point prior to June of 2008, Wheeler was released from prison. Shortly thereafter, he failed to register as a sex offender, a requirement of his probation. Additionally, between June 19, 2008 and July 4, 2008, Wheeler engaged in consensual sex with a fifteen-year-old female. On January 29, 2009, the trial court revoked Wheeler's suspended sentence (hereinafter referred to as the "January revocation") based on his failure to register as a sex offender. The trial court imposed an active sentence of two years and re-suspended the remaining eight years of his original sentence. At the time of the January revocation, the Commonwealth's Attorney was aware that Wheeler had been charged with taking indecent liberties with a child, in violation of Code § 18.2-370(A), based on Wheeler's relationship with the fifteen-year-old female; the trial court, however, was not aware of the charge.

On June 10, 2009, Wheeler entered an <u>Alford</u> plea to the charge of taking indecent liberties with a child. Wheeler was sentenced to serve five years in prison, with the entire sentence suspended.

On July 13, 2009, the Commonwealth notified the trial court of Wheeler's conviction for taking indecent liberties with a child and requested the court issue a capias against Wheeler "for failure to comply with the [c]ourt's previous Order." At the subsequent show cause hearing on September 23, 2009, the following colloquy took place:

> COURT: And the revocation you're asking for is based on the '98 original charge?
>
> [COMMONWEALTH]: It's from the '98 original charge. Yes, sir.
>
> COURT: Yes.
>
> [COMMONWEALTH]: Because of the new conviction for indecent liberties.
>
> COURT: So even though it was after the '09 offense, it's still - - we're only looking back to the '98 problem.
>
> [COMMONWEALTH]: Correct.

The trial court then found that Wheeler was "in violation of the terms and conditions of his October 28th, 1998 sentence," and revoked the remaining portion of his suspended sentence (hereinafter referred to as the "September revocation"), finding:

> [T]his to be a very serious situation on Mr. Wheeler, because he was revoked in [January] 2009 and now he's back again for something – even though it preexisted January 2009, it needs to be addressed and he needs to be held accountable. And therefore, the Court is going to do so . . . . The Court will revoke the eight years that you previously had suspended and any supervised probation upon your release will be added, at that time. But at this time, eight years is revoked.

Wheeler appeals.

## ANALYSIS

On appeal, Wheeler contends that the trial court erred in revoking his suspended sentence based on his taking indecent liberties with a child. Wheeler argues that, under this Court's decision in Reinke v. Commonwealth, 51 Va. App. 357, 657 S.E.2d 805 (2008), the January revocation and re-suspension became "a new sentencing event," ending the original probationary period and starting a new one, and any subsequent revocation could only be based on behavior that occurred subsequent to the January revocation. As the bad conduct that was the subject of the September revocation predated the January revocation, Wheeler posits that he could not have violated the good behavior requirement imposed at that time. We disagree.

"[U]nder Virginia law[,] once a defendant receives a suspended sentence, a judge's power to revoke the suspension of sentence and probation is governed by statute." Carbaugh v. Commonwealth, 19 Va. App. 119, 123, 449 S.E.2d 264, 266 (1994). However, the authority of the trial courts "to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). As we have previously recognized, "we review the trial court's

- 3 -

application of the law *de novo*." Ford v. Commonwealth, 55 Va. App. 598, 605, 687 S.E.2d 551, 554 (2010).

In any case in which the trial court suspends the execution or imposition of a sentence, "the case remains pending and the court does not . . . lose its control over the accused or his case." Richardson v. Commonwealth, 131 Va. 802, 807, 109 S.E. 460, 461 (1921). The trial court retains "ample jurisdiction over the accused and control over such orders, with power to revoke them, and to require such suspended sentences to be fully executed, *if exercised within the period prescribed by law*." Id. (emphasis added).

"The true objective of suspended sentencing is to rehabilitate and to encourage a convicted defendant to be of good behavior." Hamilton v. Commonwealth, 217 Va. 325, 328, 228 S.E.2d 555, 556 (1976). Our Supreme Court has previously held that "[i]t is entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension." Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946). Further,

> When the court [sees] that the defendant . . . ha[s] rebuffed the opportunity extended him and ha[s] displayed an unwillingness to be rehabilitated, it ha[s] the power to invoke the condition of good behavior which had attached to the suspension *from the beginning*.

Coffey v. Commonwealth, 209 Va. 760, 764, 167 S.E.2d 343, 346 (1969) (emphasis added). Further, it is immaterial that one period of suspension terminates and another simultaneously begins so long as "the condition of good behavior was in effect at the time the defendant committed the new offenses." Id. at 763-64, 167 S.E.2d at 345.

Code § 19.2-306(A) provides the statutory authority allowing the court to "revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(B) provides a temporal limit upon a court's exercise of this power.

- 4 -

> The court may not conduct a hearing to revoke the suspension of sentence unless the court, within one year after the expiration of the period of probation or the period of suspension, issues process to notify the accused or to compel his appearance before the court.

Code § 19.2-306(B).

Assuming, *arguendo*, that Wheeler is correct and the January revocation terminated the original sentencing order, under Code § 19.2-306(B), the trial court still had "one year after the expiration of the period of probation or the period of suspension" to issue process and notify Wheeler about the hearing to revoke the suspension of his sentence for misconduct that occurred during his original sentence. Code § 19.2-306(B). Here, it is undisputed that Wheeler committed the misconduct that became the subject of the September revocation between June 19, 2008 and July 4, 2008, seven months prior to the January revocation, thus during his original probationary period. Further, the record demonstrates that the capias was issued on July 13, 2009, well within the one-year limit imposed by Code § 19.2-306(B). Finally, during the show cause hearing, the trial court specifically found that Wheeler was "in violation of the terms and conditions of his October 28th, 1998 sentence."

## CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court to revoke Wheeler's suspended sentence in its entirety.

Affirmed.