PRESENT:  All the Justices

NOAH SALIM BURNHAM
                                              OPINION BY
v.  Record No. 181096            JUSTICE STEPHEN R. McCULLOUGH
                                              October 31, 2019
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Noah Salim Burnham challenges the trial court's jurisdiction to revoke two suspended sentences, one for a felony and the other for a misdemeanor.  His original 2008 sentencing order imposed suspended sentences for these offenses, placed him on supervised probation for a period of one year, and contained an express condition that he be of good behavior.  However, a subsequent probation revocation order concerning these same offenses, entered after a show-cause hearing a little less than one year later in 2009, did not contain an express good behavior requirement.  Instead, it placed the defendant on supervised probation for an indefinite period.  Burnham was later discharged from probation.  Several years after this discharge from probation, the trial court issued another show-cause order based on new felony convictions.  Burnham moved to dismiss, contending that the 2009 probation revocation order superseded the 2008 sentencing order and that the trial court lacked jurisdiction to revoke and re-suspend his sentence based on a failure to abide by a good behavior condition.  The trial court rejected this argument and proceeded to revoke and re-suspend the remaining portions of Burnham's sentences.  For the reasons noted below, we conclude that the trial court could revoke and re-suspend Burnham's felony sentence, but that the court erred in doing the same for his misdemeanor conviction.  Therefore, we affirm in part and reverse in part.

BACKGROUND

On December 4, 2008, Noah Burnham was convicted in the Hanover County Circuit Court of possession of cocaine, a felony, and driving under a revoked license, third offense, a Class 1 misdemeanor. On the possession of cocaine conviction, the court sentenced him to serve three years in prison, suspended for a period of ten years. The court sentenced Burnham to a sentence of 90 days for the misdemeanor of driving on a revoked license and suspended 80 days of that sentence for a period of one year.

This sentencing order also contained the following two paragraphs:

> **Good behavior.** The defendant shall be of good behavior for ten years on [the felony possession of cocaine] case . . . and for one year on [the driving on a revoked license] case . . . from his date of sentencing.

> **Supervised probation.** The defendant is placed on probation to commence on his release from incarceration, under the supervision of a Probation Officer of this Court for one year, or unless sooner released by the Court or by the Probation Officer. The defendant shall comply with all the rules and requirements set by the Probation Officer. Probation shall include substance abuse counseling and/or testing as prescribed by the Probation Officer.

On November 20, 2009, based on a probation violation, the Court found good cause to revoke a portion of these suspended sentences. The Court revoked the entirety of the suspended sentences and then re-suspended all but sixty days of the possession of cocaine sentence. The court also revoked and re-suspended the remaining eighty days of the previously suspended sentence for driving on a revoked license. The order did not impose a specific period of suspension. This order contained the following paragraph:

> **Supervised probation.** The defendant is placed on probation to commence on his release from incarceration, under the supervision of a Probation Officer of this Court for an indefinite period of time or unless sooner released by the Court or by the Probation Officer. The defendant shall comply with all the rules and requirements set

2

by the Probation Officer. Probation shall include substance abuse counseling and/or testing as prescribed by the Probation Officer.

On January 26, 2011, Burnham was released from probation.

On January 8, 2015, Burnham was convicted in a neighboring jurisdiction of two new counts of felony possession of a Schedule I/II controlled substance. The Hanover County Circuit Court issued an order to show cause why the suspension of his sentences, as set forth in the December 4, 2008 conviction and sentencing order (J.A. 1), should not be revoked. Burnham acknowledged that he had obtained new convictions, but he objected to any revocation of his suspended sentences. He contended that the good behavior condition of suspension imposed by the original sentencing order was superseded in 2009 with a requirement of probation. Once he was released from probation, Burnham argued, the terms and conditions of his suspended sentence were extinguished. Consequently, in Burnham's view, the court lacked jurisdiction to revoke any portion of his suspended sentence. The court disagreed. It revoked and re-suspended the entirety of his suspended sentence: two years and 305 days on the possession of cocaine conviction and 80 days for the driving on a revoked license conviction. The court placed him on supervised probation for an indefinite period of time and placed him under a new period of good behavior for 10 years.

Burnham appealed to the Court of Appeals of Virginia. In a per curiam order, that Court affirmed the decision of the trial court. This appeal followed.

ANALYSIS

Burnham assigns the following error:

> The trial court erred in denying the defense motion to dismiss because the trial court lacked jurisdiction to find Defendant guilty of a probation violation where Defendant had completed his term of probation and was no longer subject to terms of suspension.

3

The Court of Appeals erred by denying the appeal and affirming the ruling of the trial court.

We review *de novo* the legal question of whether a trial court had jurisdiction to hear a particular matter. *Hernandez v. Commonwealth*, 281 Va. 222, 224 (2011).

When a trial court suspends a sentence, it "does not make a contract with the accused, but only extends to him the opportunity which the [s]tate affords him to repent and reform." *Richardson v. Commonwealth*, 131 Va. 802, 810 (1921). It is a "free gift" intended to spur the defendant into turning his life around. *Id*. The legislature did not enact statutes authorizing suspension of all or a portion of a sentence "without regard to the subsequent behavior of the defendant." *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960). There would be no point to suspending a portion of a sentence if that suspension carried no consequences.

Even when an order imposing a suspended sentence does not contain an express "condition of good behavior, that condition is implicit in every such suspension and *constitutes the origin and purpose of the suspension and probation statutes.*" *Id.* at 219 (emphasis added). This Court concluded that "good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not." *Id.* at 220. *See also Collins v. Commonwealth*, 269 Va. 141, 146-47 (2005).

Code § 19.2-306(A) governs the authority of a court to revoke a suspended sentence. It provides that

> In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court. If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned.

4

Pursuant to the second sentence of this statute, the court's order of 2009 did not "fix" a period of suspension or a specific period of probation. The period of probation was indefinite. For example, when a court "fixes" bail, it sets a specific amount. Similarly, the same order did not "fix" a period of suspension for the sentence. Applying Code § 19.2-306(A) according to its plain language, the court had the statutory authority to revoke Burnham's suspended sentence "for any cause the court deems sufficient," provided the new crime occurred "within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Burnham's conviction for possession of cocaine under Code § 18.2-250 constituted a Class 5 felony. Class 5 felonies carry a maximum potential term of imprisonment of 10 years. Code § 18.2-10. Burnham was sentenced in 2008 and convicted of two new felonies in January of 2015, well within the 10-year window. Committing new felonies qualifies as "good cause" by any measure.

We cannot agree with Burnham's contention that the 2009 order, by failing to mention a requirement of good behavior, eliminated that requirement altogether. Our cases consistently have held that good behavior is an implied condition of any order suspending a sentence. A condition of good behavior accompanies the period of suspension as a matter of law. *Marshall*, 202 Va. at 220; *Collins*, 269 Va. at 146-47. The fact that the good behavior condition was mentioned in the 2008 order but not included in the 2009 order is of no moment.

We also reject Burnham's contention that "in the absence of any other period pr[e]scribed in the 2009 order, the period of good behavior was the same as his period of probation, which had ended prior to the 2017 revocation." Appellant's Br. 10. Probation and good behavior constitute distinct, if complementary, requirements. *See Grant v. Commonwealth*, 223 Va. 680, 685 (1982) (Virginia law distinguishes probation from suspension of a sentence, recognizing that

5

the two are not synonymous).  Once the period of probation ended, the requirement of good

behavior remained alongside the suspended sentence.  To hold otherwise would transform a

suspended sentence, meant to incentivize reform and rehabilitation, into a purposeless act.  We

consistently have resisted arguments along those lines.  "[P]robation statutes are highly remedial

and should be liberally construed to provide trial courts a valuable tool for rehabilitation of

criminals."  *Grant*, 223 Va. at 684.

For example, in *Coffey v. Commonwealth*, 209 Va. 760 (1969), the defendant, who had

received a suspended sentence, committed new crimes *before* the start of his supervised

probation for a particular offense.*  By its express terms, the order sentencing Coffey for

statutory burglary did not contain a requirement of good behavior prior to the start of his

probation.  We rejected the argument that his suspended sentence could not be revoked.

Drawing from our decision in *Marshall*, we explained that "good behavior is a condition of every

suspension, with or without probation, whether expressly so stated or not."  *Id.* at 763.  Even

though the period of supervised probation had not yet begun, the condition of good behavior was

implicit at the time the court imposed a suspended sentence.  *Id.*  We concluded as follows:

> When the trial court suspended the sentence of the defendant, it
> could not and did not enter into an agreement with him to ignore
> all subsequent misbehavior on his part until his period of
> supervised probation had begun.  The purpose of suspending the
> sentence was to give the defendant an opportunity to repent and
> reform.  When the court saw that the defendant, by his
> involvement in the four felony offenses [before the start of his
> probationary period], had rebuffed the opportunity extended him

---

* The defendant in *Coffey* was sentenced for two crimes, concealing stolen goods and statutory burglary.  *Id*. at 760.  He received an active sentence for concealing stolen goods, for which he was later paroled, and a suspended sentence for statutory burglary.  *Id.* at 760-61.  The suspended sentence for statutory burglary was accompanied by supervised probation, to begin when he completed his sentence for concealing stolen goods.  *Id.*  When he committed new crimes, he was on probation for the conviction of concealing stolen goods, but his probationary period for statutory burglary had not yet begun.  *Id.*

6

and had displayed an unwillingness to be rehabilitated, it had the power to invoke the condition of good behavior which had attached to the suspension from the beginning. The court properly withdrew from the defendant the conditional freedom which it had given him and which he forfeited by his misconduct during the period of suspension.

*Id.* at 764. *Coffey* dealt with misbehavior *before* the start of probation, whereas here we are dealing with misbehavior *after* the conclusion of probation. The answer, however, is the same. By committing new crimes, the defendant violated the long established implicit condition of good behavior. Consequently, the court possessed the authority to revoke his previously suspended sentence for crimes committed during the period of suspension.

Even though our cases have held for over 50 years that good behavior is an implicit condition of a suspended sentence, the better practice is to expressly include that language in an order revoking and re-suspending a sentence. An expressly stated condition of good behavior provides additional notice to a defendant and minimizes the risk of confusion.

We hold that the requirement of good behavior, implicit in every suspended sentence, does not disappear even if an earlier sentencing order contains an express requirement of good behavior and a subsequent order does not expressly carry over the good behavior requirement. Consequently, we affirm the trial court's decision to revoke and re-suspend Burnham's suspended sentence for possession of cocaine.

We reach a different conclusion, however, for Burnham's misdemeanor conviction. As punishment for that conviction, the original sentencing order imposed a sentence of 90 days, with 80 days suspended for one year, and placed him on supervised probation for a period of one year. Less than one year later, the court revoked and re-suspended the suspended sentence in its entirety. That order, however, did not specify a period of suspension or fix a definite period of probation. Under Code § 19.2-306, "[i]f neither a probation period nor a period of suspension

7

was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Driving on a revoked license is a Class 1 misdemeanor, *see* Code § 46.2-301(C), the maximum punishment for which is 12 months' confinement in jail. *See* Code § 18.2-11(a). Burnham was sentenced for this crime in 2008. By 2016, the one-year period of suspension had long ended. Therefore, by operation of Code § 19.2-306, Burnham could not have the misdemeanor portion of his suspended sentence revoked following an order to show cause that was issued in 2016. The court erred in revoking and re-suspending this portion of Burnham's sentence.

## CONCLUSION

The judgment is affirmed in part and reversed in part. The case is remanded for entry of a new probation revocation order in conformity with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*